LISA BARRE-QUICK, ESQ.
JONATHAN F. COHEN, ESQ.
APRUZZESE, McDERMOTT,
MASTRO & MURPHY, P.C.
P.O. Box 112
Liberty Corner, New Jersey 07938
Telephone:  (908) 580-1776
lbarrequick@ammm.com
cohen@ammm.com
Attorneys for Defendants Union Township Board of Education, et al.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENYE VIKI KNOX,<br><br>                     Plaintiff,<br><br>        v.<br><br>UNION TOWNSHIP BOARD OF EDUCATION; DR. PATRICK MARTIN, Superintendent of Union Township Board of Education; JAMES DAMATO, Union Township Board of Education Secretary; EDWARD GIBBONS, Union High School Principal; John Does 1-5 (such names being fictitious).<br><br>                   Defendants. | Case No.: 2:13-CV-05875 – KM-MAH<br><br><br>*CIVIL ACTION*<br><br><br>**ANSWER, SEPARATE DEFENSES AND JURY DEMAND** |

Defendants Union Township Board of Education ("the Board"), Dr. Patrick Martin ("Martin"), James Damato ("Damato"), and Edward Gibbons ("Gibbons"), by way of Answer and Separate Defenses to Plaintiff's Complaint say:

## INTRODUCTION

1,      The allegations contained in paragraph 1 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required,

Defendants deny any violation of the cited statutory and/or Constitutional provisions and/or any entitlement to relief.

2.      Defendants deny the allegations contained in paragraph 2 of the Complaint, except to admit that the Board's offices are located at 2369 Morris Avenue in Union, New Jersey, 07083, and deny knowledge or information sufficient to form a belief as to the truth or falsity as to where Plaintiff resides.

## JURISDICTION AND VENUE

3.      The allegations contained in paragraph 3 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Defendants deny any violation of the cited statutory and/or Constitutional provisions and/or any entitlement to relief.

4.      The allegations contained in paragraph 4 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any violation of law or entitlement to relief.

5.      The allegations contained in paragraph 5 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any violation of law or entitlement to relief.

6.      The allegations contained in paragraph 6 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny undertaking any acts or omissions that would give rise to any violation of law or entitlement to relief.

## IDENTIFICATION OF THE PARTIES

7.     Defendants deny the allegations contained in paragraph 7 of the Complaint, and lack knowledge or information sufficient to form a belief as to the truth or falsity as to where Plaintiff resides**.**

8.     Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.     Defendants deny the allegations contained in paragraph 9 of the Complaint, except to admit that it directly or indirectly develops, adopts, implements and enforces school district policies, and directly or indirectly administers, operates, and supervises Union Township High School and its employees.

10.     The allegations contained in paragraph 10 of the Complaint constitute conclusions of law to which no response is required.   To the extent a response is required, Defendants deny any violation of law or entitlement to relief.

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.     Defendants deny knowledge or information sufficient to form a belief of the truth or falsity as to the allegations in the first sentence contained paragraph 12 of the Complaint. Defendants admit the remainder of the allegations contained in paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in paragraph 13 of the Complaint, except to admit that Damato is the Board Attorney.

## STATEMENT OF FACTS

### VIKI'S TENURE

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendants admit the allegations contained in paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in paragraph 16 of the Complaint.

<u>**DEFENDANTS' DISCRIMINATE AGAINST VIKI'S RELIGIOUS SPEECH**</u>

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity as to allegations contained in paragraph 17 of the Complaint, except to admit knowledge of certain Facebook posts, the contents of which speak for themselves.

18.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity as to allegations contained in paragraph 18 of the Complaint, except to admit knowledge of certain Facebook posts, the contents of which speak for themselves.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint, except to admit that Defendants had knowledge that at some point Plaintiff served as academic advisor to the Seekers Club and advisor for the Union High School Gospel Choir.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint, except to admit that in October 2011, Defendants found out about Plaintiff's Facebook posts and Defendant Damato admits that a meeting took place.  Defendants Martin and Gibbons deny knowledge or information sufficient to form a belief as to the truth or falsity as to allegations contained in paragraph 20 of the Complaint with respect to the meeting.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint, except that Defendant Damato admits that a meeting took place.  Defendants Martin and Gibbons deny knowledge or information sufficient to form a belief as to the truth or falsity as to allegations contained in paragraph 21 of the Complaint with respect to the meeting.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint, except that Defendants Martin and Gibbons admit that a meeting took place.  Defendant Damato

denies knowledge or information sufficient to form a belief as to the truth or falsity as to allegations contained in paragraph 23 of the Complaint with respect to the meeting

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity as to the first sentence contained in paragraph 24 of the Complaint.  Defendants deny the second sentence, except that Defendants Martin and Gibbons admit that Plaintiff was informed of her suspension.  Defendant Damato denies knowledge or information sufficient to form a belief as to the truth or falsity as to the allegations contained in the second sentence of paragraph 24 of the Complaint.  Defendants deny the allegations contained in the third sentence of paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint, except that Defendant Damato denies knowledge or information sufficient to form a belief as to the truth or falsity as to Plaintiff's allegations of what was said at the meeting.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint, except that Defendant Damato denies knowledge or information sufficient to form a belief as to the truth or falsity as to Plaintiff's allegations contained in paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint, except to admit that on October 18, 2011 a regularly scheduled Board meeting was held.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity as to the first sentence contained in paragraph 29 of the Complaint.  Defendants deny the allegations contained in the second sentence of paragraph 29 of the Complaint.

## VIKI IS CONSTRUCTIVELY DISCHARGED

30.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity as to the allegations concerning Plaintiff's contained in paragraph 30 of the Complaint, except that Defendants deny that they engaged in any improper conduct towards Plaintiff.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint, except to refer to and deny the substance of the letter attached to Plaintiff's Complaint as Exhibit A.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint, except to refer to and deny the substance of the letter attached to Plaintiff's Complaint as Exhibit A.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

## STATEMENTS OF LAW

35.     The allegations contained in paragraph 35 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any violation of law or entitlement to relief.

36.     The allegations contained in paragraph 36 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any violation of law or entitlement to relief.

37.     The allegations contained in paragraph 37 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any violation of law or entitlement to relief.

38.     The allegations contained in paragraph 38 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any violation of law or entitlement to relief.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     The allegations contained in paragraph 40 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any violation of law or entitlement to relief.

41.     The allegations contained in paragraph 41 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any violation of law or entitlement to relief.

42.     The allegations contained in paragraph 42 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any violation of law or entitlement to relief.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

**FIRST CAUSE OF ACTION – CONSTRUCTIVE DISCHARGE**

45.     **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

46.     **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

47.     **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

48.     **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

49.     **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

50.     **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

51.     **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

52.     **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

53.     **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

54.     **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

## SECOND CAUSE OF ACTION – VIOLATION OF DUE PROCESS

55.     Defendants repeat and reallege their responses contained in paragraphs 1 through 54 of the Answer to the Complaint as if set forth fully herein.

56.     The allegations contained in paragraph 56 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that they violated any of Plaintiff's due process rights.

57.     The allegations contained in paragraph 57 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that they violated any of Plaintiff's due process rights or its own charter, policies, procedures and/or rules.

58.     The allegations contained in paragraph 58 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that they violated any of Plaintiff's due process rights.

59.     The allegations contained in paragraph 59 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that they violated any of Plaintiff's federal or state constitutional rights.

60.     The allegations contained in paragraph 60 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that the Board's policies and/or practices did not comply with the law.

61.     The allegations contained in paragraph 61 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that the Board's policies and/or practices did not comply with the law.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

**WHEREFORE**, Defendants Union Township Board of Education, Dr. Patrick Martin, James Damato and Edward Gibbons demand judgment dismissing the Second Cause of Action of the Complaint, and awarding to Defendants attorneys' fees, costs of suit, and such other relief as they may be entitled.

### THIRD CAUSE OF ACTION – VIOLATION OF FREE SPEECH CLAUSE

66.     Defendants repeat and reallege their responses contained in paragraphs 1 through 65 of the Answer to the Complaint as if set forth fully herein.

67.     The allegations contained in paragraph 67 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any violation of law or entitlement to relief.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint, except that Defendants Martin, Damato and Gibbons deny knowledge or information sufficient to form a belief as to the truth or falsity concerning the motivation behind the "Board's action".

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint, and further deny that Defendants Martin, Damato and/or Gibbons do not have "policies".

72.     The allegations contained in paragraph 72 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any violation of law or entitlement to relief.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Complaint, and further deny that Defendants Martin, Damato and/or Gibbons have "policies".

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint, and further deny that Defendants Martin, Damato and/or Gibbons have "policies".

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint, and further deny that Defendants Martin, Damato and/or Gibbons have "policies".

77.     Defendants deny the allegations contained in paragraph 77 of the Complaint, and further deny that Defendants Martin, Damato and/or Gibbons have "policies".

78.     Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the Complaint, and further deny that Defendants Martin, Damato and/or Gibbons have "policies".

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint, and further deny that Defendants Martin, Damato and/or Gibbons have "policies".

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint, and further deny that Defendants Martin, Damato and/or Gibbons have "policies".

83.     Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.    Defendants deny the allegations contained in paragraph 84 of the Complaint.

**WHEREFORE**, Defendants Union Township Board of Education, Dr. Patrick Martin, James Damato and Edward Gibbons demand judgment dismissing the Third Cause of Action of the Complaint, and awarding to Defendants attorneys' fees, costs of suit, and such other relief as they may be entitled.

<u>**FOURTH CAUSE OF ACTION – VIOLATION OF FREE EXERCISE CLAUSE**</u>

85.    Defendants repeat and reallege their responses contained in paragraphs 1 through 84 of the Answer to the Complaint as if set forth fully herein.

86.    Defendants deny the allegations contained in paragraph 86 of the Complaint, and further deny that Defendants Martin, Damato and/or Gibbons have "policies".

87.    Defendants deny the allegations contained in paragraph 87 of the Complaint, and further deny that Defendants Martin, Damato and/or Gibbons have "policies".

88.    Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.    Defendants deny the allegations contained in paragraph 89 of the Complaint, and further deny that Defendants Martin, Damato and/or Gibbons have "policies".

**WHEREFORE**, Defendants Union Township Board of Education, Dr. Patrick Martin, James Damato and Edward Gibbons demand judgment dismissing the Fourth Cause of Action of the Complaint, and awarding to Defendants attorneys' fees, costs of suit, and such other relief as they may be entitled.

<u>**FIFTH CAUSE OF ACTION – VIOLATION OF ESTABLISHMENT CLAUSE**</u>

90.    Defendants repeat and reallege their responses contained in paragraphs 1 through 89 of the Answer to the Complaint as if set forth fully herein.

91.     The allegations contained in paragraph 91 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any violation of law or entitlement to relief.

92.     Defendants deny the allegations contained in paragraph 92 of the Complaint, and further deny that Defendants Martin, Damato and/or Gibbons have "policies".

93.     Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the Complaint, and further deny that Defendants Martin, Damato and/or Gibbons have "policies".

**WHEREFORE**, Defendants Union Township Board of Education, Dr. Patrick Martin, James Damato and Edward Gibbons demand judgment dismissing the Fifth Cause of Action of the Complaint, and awarding to Defendants attorneys' fees, costs of suit, and such other relief as they may be entitled.

## SIXTH CAUSE OF ACTION – VIOLATION OF EQUAL PROTECTION CLAUSE

95.     Defendants repeat and reallege their responses contained in paragraphs 1 through 94 of the Answer to the Complaint as if set forth fully herein.

96.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity as to allegations contained in paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in paragraph 97 of the Complaint.

98.     Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in paragraph 105 of the Complaint, and further deny that Defendants Martin, Damato and/or Gibbons have "policies".

106.    Defendants deny the allegations contained in paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in paragraph 107 of the Complaint.

108.    Defendants deny the allegations contained in paragraph 108 of the Complaint.

109.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity as to allegations contained in paragraph 109 of the Complaint.

**WHEREFORE**, Defendants Union Township Board of Education, Dr. Patrick Martin, James Damato and Edward Gibbons demand judgment dismissing the Sixth Cause of Action of the Complaint (to the extent not already dismissed by way of the Court's February 23, 2015 Order), and awarding to Defendants attorneys' fees, costs of suit, and such other relief as they may be entitled.

<u>**SEVENTH CAUSE OF ACTION – BREACH OF CONTRACT**</u>

110.    Defendants repeat and reallege their responses contained in paragraphs 1 through 109 of the Answer to the Complaint as if set forth fully herein.

111.    Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.    Defendants deny the allegations contained in paragraph 112 of the Complaint, and refer the Court to the Collective Bargaining Agreement between the Board and Plaintiff's union.

113.    Defendants deny the allegations contained in paragraph 113 of the Complaint, and refer the Court to the Collective Bargaining Agreement between the Board and Plaintiff's union.

13

114.   Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity as to allegations contained in paragraph 114 of the Complaint.

115.   Defendants deny the allegations contained in paragraph 115 of the Complaint.

116.   Defendants deny the allegations contained in paragraph 116 of the Complaint.

117.   Defendants deny the allegations contained in paragraph 117 of the Complaint.

118.   Defendants deny the allegations contained in paragraph 118 of the Complaint.

**WHEREFORE**, Defendants Union Township Board of Education, Dr. Patrick Martin, James Damato and Edward Gibbons demand judgment dismissing the Seventh Cause of Action of the Complaint, and awarding to Defendants attorneys' fees, costs of suit, and such other relief as they may be entitled.

### EIGHTH CAUSE OF ACTION – VIOLATION OF 42 U.S.C. § 1981, AS AMENDED

119.   **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

120.   **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

121.   **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

122.   **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

123.   **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

124.   **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

125.   **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

126.   **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

127.   **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

128.   **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

129.   **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

130.   **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

131.    **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

132.    **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

**NINTH CAUSE OF ACTION – INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS AGAINST DEFENDANT BOARD OF EDUCATION, DEFENDANT DR. JAMES MARTIN, DEFENDANT JAMES DAMATO AND DEFENDANT GIBBONS IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES**

133.    **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

134.    **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

135.    **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

136.    **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

137.    **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

138.    **Dismissed by Hon. Kevin McNulty's February 23, 2015 Opinion and Order.**

**TENTH CAUSE OF ACTION – DEFENDANT'S CONDUCT VIOLATES PLAINTIFFS' RIGHT TO FREE EXERCISE AND ENJOYMENT OF RELIGION UNDER ARTICLE I, §§ 3 AND 5 OF THE NEW JERSEY CONSTITUTION**

139.    Defendants repeat and reallege their responses contained in paragraphs 1 through 138 of the Answer to the Complaint as if set forth fully herein.  To the extent a response is required, Defendants deny any violation of law or entitlement to relief.

140.    The allegations contained in paragraph 140 of the Complaint constitute a recitation of the law to which no response is required.  To the extent a response is required, Defendants deny any violation of law or entitlement to relief.

141.    The allegations contained in paragraph 141 of the Complaint constitute a recitation of the law to which no response is required.  To the extent a response is required, Defendants deny any violation of law or entitlement to relief.

142.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity as to allegations contained in paragraph 142 of the Complaint.

143.    Defendants deny the allegations contained in paragraph 143 of the Complaint, and further deny that Defendants Martin, Damato and/or Gibbons have "policies".

144.    Defendants deny the allegations contained in paragraph 144 of the Complaint, and further deny that Defendants Martin, Damato and/or Gibbons have "policies".

145.    Defendants deny the allegations contained in paragraph 145 of the Complaint.

146.    Defendants deny the allegations contained in paragraph 146 of the Complaint.

147.    Defendants deny the allegations contained in paragraph 147 of the Complaint.

148.    Defendants deny the allegations contained in paragraph 148 of the Complaint.

149.    Defendants deny the allegations contained in paragraph 149 of the Complaint.

**WHEREFORE**, Defendants Union Township Board of Education, Dr. Patrick Martin, James Damato and Edward Gibbons demand judgment dismissing the Tenth Cause of Action of the Complaint, and awarding to Defendants attorneys' fees, costs of suit, and such other relief as they may be entitled.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the failure of the Complaint to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part to by the failure of the Complaint to state a claim upon which relief may be granted against the Union Township Board of Education.

### THIRD SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part to by the failure of the Complaint to state a claim upon which relief may be granted against Dr. Patrick Martin.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part to by the failure of the Complaint to state a claim upon which relief may be granted against James Damato.

### FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part to by the failure of the Complaint to state a claim upon which relief may be granted against Edward Gibbons.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### SEVENTH SEPARATE DEFENSE

Plaintiff's damage claims are barred in whole or in part, by Plaintiff's failure to reasonably mitigate damages, if any.

### EIGHTH SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages against the Union Township Board of Education.

### NINTH SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages against Dr. Patrick Martin.

### TENTH SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages against James Damato.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages against Edward Gibbons.

## TWELFTH SEPARATE DEFENSE

Any action taken by the Defendants is protected by an absolute and/or qualified immunity and/or privilege.

## THIRTEENTH SEPARATE DEFENSE

Defendants claim all immunities and/or privileges afforded them under both State and/or federal law.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff's damage claims are barred by the absence of any damages.

## FIFTEENTH SEPARATE DEFENSE

Plaintiff's Complaint should be barred in whole or in part under the Younger abstention doctrine.

## SIXTEENTH SEPARATE DEFENSE

Any claims by Plaintiff for emotional distress or physical injuries are barred by the exclusivity provision of the New Jersey Worker's Compensation Law.

## SEVENTEENTH SEPARATE DEFENSE

Some or all of the complained of actions of Defendants were taken pursuant to controlling statutes, regulation, policy, and/or contract provisions.

## EIGHTEENTH SEPARATE DEFENSE

Defendants acted at all times in good faith and without malice.

## NINTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to exhaust her remedies under the grievance provision of the collective negotiations agreement.

## TWENTIETH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to avail herself of all administrative remedies, including but not limited to the Tenure Charge procedure.

## TWENTY-FIRST SEPARATE DEFENSE

Defendants actions were authorized by law.

## TWENTY-SECOND SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by State and/or federal statutory immunities.

## TWENTY-THIRD SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel, and/or waiver.

## TWENTY-FOURTH SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim for injunctive relief.

## TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part because the complained of actions, to the extent they occurred, were not arbitrary, capricious, irrational, or otherwise improper, but instead, were motivated by compelling governmental and public interests.

## TWENTY-SIXTH SEPARATE DEFENSE

Defendants have not committed any violation of Plaintiff's rights under federal or state law.

## TWENTY-SEVENTH SEPARATE DEFENSE

The alleged acts of Defendants do not rise to the level of a constitutional violation, and therefore, Plaintiff did not suffer any infringement of her constitutional rights and/or such constitutional violations are not plead with sufficient particularity to support any claim.

## TWENTY-EIGHTH SEPARATE DEFENSE

The actions and/or conduct of Defendants did not violate any clearly established constitutional or federal statutory rights of which the Defendants reasonably should have been aware, and one or both, are therefore, entitled to an absolute and/or qualified immunity.

## TWENTY-NINTH SEPARATE DEFENSE

Plaintiff's Complaint should be barred, in whole or in part, under the primary jurisdiction doctrine.

## THIRTIETH SEPARATE DEFENSE

Plaintiff's harassing and discriminatory statements made in the classroom are not entitled to constitutional protection under federal or state law.

## THIRTY-FIRST SEPARATE DEFENSE

Plaintiff's harassing and discriminatory statements did not constitute a matter of public concern.

## THIRTY-SECOND SEPARATE DEFENSE

Plaintiff waived her right to reinstatement and other remedies by virtue of the settlement of the Tenure Charges against her.

## THIRTY-THIRD SEPARATE DEFENSE

Plaintiff's speech, in and out of the classroom, caused disruption to the school district's operations.

## THIRTY-FOURTH SEPARATE DEFENSE

Defendants' actions against Plaintiff were required by state and federal anti-discrimination laws.

## THIRTY-FIFTH SEPARATE DEFENSE

Plaintiff's Free Exercise claims lack merit because she did not possess a deeply held religious belief which forced her to make the harassing or discriminatory statements which led to her suspension and the issuance of Tenure Charges.

## THIRTY-SIXTH SEPARATE DEFENSE

The Board's policies and procedures are facially neutral.

## THIRTY-SEVENTH SEPARATE DEFENSE

The Board's policies and procedures are narrowly tailored to protect teachers' First Amendment rights in the least restrictive way possible while still meeting its pedagogical duties.

## THIRTY-EIGHTH SEPARATE DEFENSE

Plaintiff was provided with all of the process she was due under state and federal law.

## THIRTY-NINTH SEPARATE DEFENSE

Plaintiff's equal protection claims are barred because she cannot demonstrate that any similarly situated teacher was treated differently from her.

## FORTIETH SEPARATE DEFENSE

Plaintiff's Establishment Clause claims are barred because Defendants did not take sides in matters of religion and did not endorse a particular religious perspective or any religion at all.

## <u>FORTY-FIRST SEPARATE DEFENSE</u>

Defendants reserve the right to amend their Answer to insert additional defenses and/or supplement, alter, or change its Answer upon revelation of more definite facts by Plaintiff; upon the completion of further discovery and/or investigation; and/or based upon after acquired evidence.

**WHEREFORE**, Defendants Union Township Board of Education, Dr. Patrick Martin, James Damato and Edward Gibbons, demand judgment dismissing the Complaint in its entirety, and awarding Defendants attorneys' fees, costs of suit, and such other relief as they may be entitled.

Apruzzese, McDermott
Mastro & Murphy, P.C.
Attorneys for Defendants
cohen@ammm.com

By:    <u>S/ Jonathan F. Cohen</u>
Jonathan F. Cohen, Esq.

Dated:  March 9, 2015

## DESIGNATION OF TRIAL COUNSEL

Lisa Barré-Quick, Esq. is hereby designated as trial counsel for Defendants in the above-captioned matter.

>Apruzzese, McDermott
>Mastro & Murphy, P.C.
>Attorneys for Defendants
>cohen@ammm.com

>By:     S/ Jonathan F. Cohen____

March 9, 2015                 Jonathan F. Cohen, Esq.

## JURY DEMAND

Defendants hereby demand trial by jury on all claims advanced.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to Local Rule 8.1, Defendants hereby demand that Plaintiff serve within 10 days a written statement of the amount of damages claimed in this action.

## LOCAL RULE 11.2 CERTIFICATION

I, Jonathan F. Cohen, Esq., counsel for Defendants certifies that the matter in controversy is not the subject of any action pending in any court or in any arbitration or administrative proceeding.

>Apruzzese, McDermott
>Mastro & Murphy, P.C.
>Attorneys for Defendants
>cohen@ammm.com

>By:     S/ Jonathan F. Cohen____

Dated:  March 9, 2015         Jonathan F. Cohen, Esq.

23

## CERTIFICATION OF SERVICE AND FILING

I hereby certify that the foregoing Answer, Separate Defenses and Jury Demand was caused to be electronically filed with the Clerk, United States District Court, District of New Jersey, Martin Luther King, Jr. Federal Building and Courthouse, 50 Walnut Street, 3rd Floor, Newark, New Jersey 07102, and that a true copy of same was also served upon Plaintiff *via* ECF electronic service through his counsel of record, Demetrios K. Stratis, Esq., LLC, 10-04 River Road, Fair Lawn, New Jersey, 07410.   In addition, two courtesy copies of the Defendants' Answer, Separate Defenses and Jury Demand was served on this date, via Federal Express to the Hon. Kevin McNulty, U.S.D.J., by delivery to the Clerk's office at the address listed above.

> Apruzzese, McDermott
> Mastro & Murphy, P.C.
> Attorneys for Defendants
> lbarrequick@ammm.com
>
> S/ Jonathan F. Cohen_____
> Jonathan F. Cohen, Esq.

S:\CML\Union Public Schools\Jenye Viki Knox\Pleadings\Answer (FINAL).doc